UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WESTFAIR, LLC,<br><br>　　　　　　*Plaintiff,*<br><br>-against-<br><br>KAREN PUPOVIC and ISMET PUPOVIC,<br><br>　　　　　　*Defendants.* | Case No. 7:24-cv-05879-NSR<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 2/6/2025 |

**MEMO ENDORSED**

## MOTION FOR ORDER TO DISCHARGE *LIS PENDENS*

The Plaintiff, Westfair LLC, and proposed additional party Plaintiff, Diamond Tucker Street Property, LLC ("DTS"), move pursuant to Conn. Gen. Stat. §§ 52-325a and 52-325d via Fed. R. Civ. P. 64 for an Order discharging a Notice of Lis Pendens wrongfully filed in its names by Defendants and affecting real property in which Plaintiff has an interest. In support thereof, Plaintiff complains and says as follows:

1. That the Plaintiff, Westfair LLC, is named in the *Lis Pendens* as Property Owner/Interested Party, is the owner of record, and is an interested party in the property described in Schedule A attached hereto.

2. That Diamond Tucker St. Property LLC, is currently under motion to be joined to this case as a Plaintiff, is named in the *Lis Pendens* as Property Owner/Interested Party, and is former owner of record, and is an interested party in the property ("The Property") described in Schedule A attached hereto.

3. That on or about November 23, 2023, Defendants Karen and Ismet Pupovic, as identified in Schedule A attached hereto, of 3979 State Route 52, Pine Bush, New York 12566, recorded a notice of *Lis Pendens* affecting such real property and gave no notice thereof.

4. That there is not probable cause to sustain the validity of the Defendants' claim, and that for over a year, Plaintiff and DTS have demanded of Defendants, in numerous forums and under numerous methods, to state their just and proper cause, and that Defendants have furtively and deceptively resorted to refusing to state any just cause.

1

5. That the applicant seeks an Order for discharge of such recorded notice of *lis pendens*.

6. That Rule 64 of the Federal Rules of Civil Procedure authorizes United States District Courts to implement the laws of the States governing Attachments, and particularly with regard to the recording of a *lis pendens* for which there is no federal equivalent, being an attachment of property situated within a state to utilize and adjudicate the individual states statutes concerning such *lis pendens*.

7. That Conn. Gen. Stat. §§ 52-325a and 52-325d specifically deal with the discharge of improperly or invalidly recorded *lis pendens,* and specifically provide the authority for which parties recording *lis pendens* are to be ordered before a court of law and compelled to state their probable cause for such recording, and that Plaintiff, joined by DTS, hereby so apply to this court to effectuate such ends, and further if Defendants failing to provide probable cause, to order of such *lis pendens* discharge.

8. That at no time relevant hereto has any adjudication on the merits of any matter of any dispute between Plaintiffs and Defendants been reached by a court of law, and that, notwithstanding, Defendants proceeded to knowingly, willfully and maliciously record a *lis pendens* upon the property for the express purpose of hoping to never see realized any such adjudication of the issues between Plaintiff and Defendants, for as Plaintiff suggests herein, Defendants know that such an adjudication would likely not be in their favor, and, as such, they have resorted to all trick and manner of deception to improperly use the law and the courts to achieve such ends.

9. Previous trick and deceptions employed by Defendants in their furtive attempts to refuse to state their cause for the recording of a *lis pendens* against the property include: (1) The incomprehensibly disingenuous argumentation that Westfair LLC did not exist for purposes of applying to discharge the *lis pendens*, but that nonetheless Defendants could record a *lis pendens* against it; (2) That on the basis of a sworn Affidavit by Defendants' Connecticut counsel, Jenna Sternberg, an Affidavit which purports to swear that -- but recklessly and impermissibly for an Affidavit – actually swears only to speculation (and which Affidavit is incidentally falsified by the Declaration of Attorney Roderick D. Woods and attached hereto as Exhibit "A"), Westfair did not exist

prior to July 2024 – and even if true, which it is not[1] – that that would somehow prevent Westfair from discharging a *lis pendens* recorded against it prior to its existence, but that yet the *lis pendens* so recorded, based on its naming of Westfair as an owner during its (falsely) alleged and sworn non-existence, does not in anyway invalidate such *lis pendens* itself for the false or incorrect naming of parties; (3) The completely disingenuous and incompressible creation of their own law which argues that no legal standing or judicial review is required for the unilateral recording of a *lis pendens* against parties and properties, but that somehow, and contrary to the language of the Connecticut General Statutes, proof of standing is a necessary element to establish for such adversely and unilaterally named and accused parties **prior to Defendants' statutory requirement to show their cause** for the recording of such *lis pendens*.[2]

WHEREFORE, Plaintiff respectfully moves this Court to discharge the notice of *lis pendens* at issue and award the Plaintiff such other relief as the Court deems just and appropriate.

Dated: February 5, 2025

RODERICK D. WOODS, ESQ.
Roderick D. Woods, P.C.
Attorney for Plaintiff, Westfair, LLC
880 Third Avenue
Fifth Floor
New York, New York 10022
(212) 653-8754 (Tel.)
(212) 565-1555 (Fax)
Roderick.woods@rdw-law.com

**The Court is in receipt of Plaintiff's motion for an order to discharge the notice of *lis pendens*. Plaintiff's motion fails to comply with Federal Rule of Civil Procedure 6, Local Civil Rule 37.2, as well as the Court's Individual Practice Rule 3(A). Accordingly, Plaintiff's motion is DENIED without prejudice to renew.**

**Dated: February 6, 2025**
**White Plains, NY**

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

---

[1] Declaration of Roderick D. Woods, Exhibit "A."
[2] Indeed, such an argument of Defendants, if adopted, would lead to the nonsensical conclusion that wrongly or inaccurately pled *lis pendens* would be unable to be removed by any party, and effectively made permanent on land records. To wit, it would be absurd for the party they placed it against to have to therefore disproportionately, asymmetrically and lopsided manner bear a burden to prove their ability to rid it, imagine only the implications of a few example: (a) if a party recorded a *lis pendens* against the same named and addressed but different and incorrect party, then such incorrect party would never be able to rid their wrongfully recorded name from public records as being sued and attached; or (b) if a party recorded a *lis pendens* against the right party, but the wrong property, then the real property owner could never be able to have *the lis pendens* discharged because they weren't properly named in it, which are of course only a subset of the absurd conclusions implied by the argument that must demonstrate standing to discharge a unilateral standing less statutory authorized filing against them.

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2025, a copy of the foregoing Motion for Order to Discharge Lis Pendens was electronically filed notice of this filing will be sent by email to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

_____
Roderick D. Woods, Esq.

```
VOL 706 Pg 839
RECORDED 11/21/2023  11:07:54 AM
DEBORAH SZEGEDI
TOWN CLERK EASTON CT
```

After recording, please return to:
Maki Law, LLC
467 Naubuc Avenue
Glastonbury, CT 06033

| | |
|---|---|
| RETURN DATE: DECEMBER 19, 2023 | SUPERIOR COURT |
| KAREN PUPOVIC<br>ISMET PUPOVIC | J.D. OF BRIDGEPORT |
| VS. | AT BRIDGEPORT |
| DIAMOND TUCKER ST. PROPERTY, LLC<br>REDEMPTION, LLC AND WESFAIR LLC | NOVEMBER 20, 2023 |

*(stamp: ADDRESSE UNKNOWN)*

## NOTICE OF LIS PENDENS

Notice is hereby given of the pendency of a civil action brought by the above-named Plaintiffs against the defendants, DIAMOND TUCKER ST. PROPERTY, LLC, REDEMPTION, LLC and WESTFAIR LLC by writ dated November 20, 2023 returnable to the Superior Court to be held in Bridgeport, within and for the Judicial District of Bridgeport, on December 19, 2023, which action was brought based in the fraudulent transfers of real property known as 101 Northwood Drive, Easton.

The property at issue is known as 101 Northwood Drive, Easton, CT 06612 is further described as:

All that certain piece or parcel of land with the buildings and improvements thereon, situated in the Town of Easton, County of Fairfield and State of Connecticut, known as Lot No. 4 as shown on "Lot Line Revision Plan, Lot 2 and 4, Northwood Drive, Easton, Conn. Scale 1" – 40', April 17, 1988 Rev. 10/18/88 and 1/9/88" Certified by Larry Edwards being Map No. 1138 on the Easton Land Records.

Dated at Glastonbury, Connecticut, this 20th day of November, 2023.

THE PLAINTIFFS,
KAREN PUPOVIC and
ISMET PUPOVIC

/s/ Brennen C. Maki
Brennen C. Maki, of
Maki Law, LLC
-Their Attorneys-

Return to: Attorney Brennen Maki, Maki Law, LLC, 467 Naubuc Ave, Glastonbury, CT 06033

**THIS IS TO CERTIFY** That this is a true copy of the original document dated November 20, 2023 and filed or recorded in the records of the Town of Easton, CT in Volume 706 Page 839 on November 21, 2023

ATTEST
/s/ Deborah Szegedi
Assistant Town Clerk
SEAL

CSM 408

ATTEST: A TRUE COPY
ROBERT E. CARLSON JR.
STATE MARSHAL

101

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WESTFAIR, LLC,

    *Plaintiff,*

-against-

KAREN PUPOVIC and ISMET PUPOVIC,

    *Defendants.*

---

Case No. 7:24-cv-05879-NSR

## **DECLARATION OF RODERICK WOODS, ESQ.**

1. I am over twenty-one years of age, competent to testify in a legal proceeding, and give this Declaration of my own personal knowledge.

2. I am an attorney licensed to practice law in Connecticut, New York, and Washington, D.C., as well as in the United States District Court for the District of Connecticut, and the United States District Courts for the Western, Northern, Southern, and Eastern Districts of New York.

3. I have direct, firsthand knowledge that the Plaintiff, Westfair, LLC, was in existence prior to July 2024.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated: February 5, 2025                                            */s Roderick Woods, Esq.*
                                                                            RODERICK WOODS, ESQ.