USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/30/2025

# Roderick D. Woods, P.C.

Roderick David Woods, Esq.*
Attorney-and-Counselor at Law
*Admitted to Practice in New York, Connecticut, and Washington, D.C.

April 29, 2025

Honorable Nelson S. Roman
United States District Judge
United States District Court for the Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

MEMO ENDORSED

Re:  <u>Westfair, LLC v. Pupovic, *et al*</u>; 7:24-cv-05879 (NSR)

Dear Judge Roman:

  I represent the Plaintiff, Westfair, LLC ("Westfair"), with respect to the above matter. By this letter Motion, Westfair respectfully requests that the Court stay this action in its entirety pending adjudication of a Fed. R. Civ. P. 60(b)(4) filed by Westfair (and two additional entity parties not named in this case) which is currently pending before the Honorable Victor A. Bolden in the United States District Court for the District of Connecticut in the matter of <u>Pupovic, *et al* v. Diamond Tucker St. Property, LLC, *et al*</u>, 3:24-cv-01969 (VAB). A stay has already been entered by the Honorable Jessica G.L. Clarke in a matter involving the Defendants and a non-party, Diamond Tucker St. Property, LLC, on the same basis. The case number of that case is 7:24-cv-08373-JGLC.

  The Fed. R. Civ. P. 60(b)(4) Motion seeks to void a purported default Judgment which allegedly entered against Westfair (and others) in the Superior Court of Connecticut, Judicial District of Bridgeport, since the Court lacked personal jurisdiction over the Defendants in that case, one of whom is the Plaintiff in this case, Westfair. As the Motion avers, the Plaintiffs in that case (the Defendants in this one) utilized a defective section of the Connecticut General Statutes in attempting to effectuate service of process. As such, service was patently improper, rendering the case vulnerable to dismissal. Consequently, the Superior Court never acquired personal jurisdiction over Westfair (and the other Defendants) and the ostensible Judgment, the Motion argues, therefore, is void.

  In the Southern District of New York, the Court has discretion to stay an action "in the interest of judicial economy . . . pending the outcome of proceedings which bear upon the case, even if such proceedings are not necessarily controlling of the action that is to be stayed." *LaSala v. Needham & Co.*,

---

880 Third Avenue
5th Floor
New York, New York 10022
(212) 653-8754 (Telephone)
(212) 656-1555 (Facsimile)
roderick.woods@rdw-law.com
www.rdw-law.com

399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) (quoting *Am. Shipping Line v. Massan Shipping*, 885 F. Supp. 499, 502 (S.D.N.Y. 1995)).

It is respectfully posited that this is the precise situation with the instant case and that considerations of judicial economy merit staying this action. The Defendants have filed a Motion to Dismiss predicated, in whole or in part, upon the purported default Judgment which Westfair is currently challenging in the United States District Court for the District of Connecticut. As such, a ruling on Westfair's Motion will have a direct bearing on this matter. A stay of this action promotes judicial economy.

Based upon the foregoing, Westfair respectfully requests that the Court stay this action in its entirety pending the adjudication of its Fed. R. Civ. P. 60(b)(4) Motion presently before Judge Bolden.

The Court's time and kind attention to this request is appreciated.

Very Truly Yours,

Roderick D. Woods, Esq.

cc: All counsel of record via ECF

**The Court is in receipt of Plaintiff's letter dated April 29, 2025 requesting a stay of this action pending the adjudication of a Rule 60 motion filed in a separation action in the District of Connecticut. Defendants' are directed to respond to this letter on or before May 5, 2025.**

**Dated: April 30, 2025**
**White Plains, NY**

SO ORDERED:

NELSON S. ROMÁN
United States District Judge